UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JEFFREY ALAN HARGETT,            )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )        13-CV-3120
                                 )
GREGG SCOTT, et al.,             )
                                 )
    Defendants.                  )
                                 )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28

U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

Plaintiff alleges that he was deprived of sufficient quantities of water suitable for drinking from around the last week of April around May 6, 2013. During this time the tap water was allegedly not safe for drinking, and Defendants provided only three gallons of drinking water per day for Plaintiff's entire living unit. Plaintiff's medical conditions allegedly require him to drink more water than the average person.

Plaintiff is entitled to "humane conditions" which includes "adequate food, clothing, shelter, and medical care." Sain v. Wood, 512 F.3d 886 (7th Cir. 2008). In order to violate the Constitution, the deprivations Plaintiff suffered must have been sufficiently serious, and Defendants must have been deliberately indifferent. Id.

Humane conditions obviously include the provision of adequate amounts of drinkable water. Plaintiff's allegations allow a plausible inference that he was not provided adequate drinking

water for a relatively short period of time. The seriousness of the deprivation and whether Defendants were personally responsible or deliberately indifferent cannot be determined without a more developed record.

**IT IS ORDERED:**

1. The hearing scheduled for June 10, 2013, is cancelled. The clerk is directed to notify Rushville Treatment and Detention Center of the cancellation.

2. Plaintiff's motion for dismissal of his request for a temporary restraining order is granted (d/e 6). The motion for temporary restraining order is denied as moot (d/e 3).

3. Pursuant to its review of the Complaint, the Court finds that Plaintiff states a Fourteenth Amendment due process claim for unconstitutional conditions of confinement arising from Plaintiff's alleged lack of drinking water in late April and early May, 2013. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

**4.     If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

5.     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.     Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on August 12, 2013 at 10:00 a.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues

need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

10. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants pursuant to the standard procedures**.

ENTERED: June 5, 2013

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                       SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE